UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>CHRISTOPHER FREDERICK VONWILLE,<br><br>    Defendant. | 4:19-CR-40023-01-KES<br><br><br>ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE |

  Defendant, Christopher Frederick Vonwille, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 368. Plaintiff, the United States of America, opposes the motion. Docket 384. For the following reasons, the court denies defendant's motion for compassionate release.

## BACKGROUND

  On August 2, 2019, Vonwille pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dockets 90, 94. On October 21, 2019, the court sentenced Vonwille to 180 months of imprisonment followed by five years of supervised release. Docket 127; Docket 129 at 2-3. Vonwille's period of incarceration was later reduced to 90 months. Docket 332 at 2.

  Vonwille is incarcerated at FCI Englewood, a low security correctional facility in Littleton, Colorado. Docket 368 at 2. The total population at FCI Englewood is currently 939 persons. Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/eng/ (last visited May 3, 2021).

As of May 3, 2021, there are no active COVID-19 cases among FCI Englewood's inmates and staff. *See BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last visited May 3, 2021). FCI Englewood has reported no inmate or staff deaths from COVID-19, and 628 inmates and 71 staff have recovered as of May 3, 2021. *Id.*

Vonwille is 58 years old. Docket 371 at 1. As of March 1, 2021, Vonwille weighed 241 pounds and is 73 inches tall. *Id.* at 2. Based on his weight and height, his body mass index (BMI) is 31.8, which falls in the obese category. *See Adult BMI Calculator*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited Apr. 30, 2021). Vonwille alleges he suffers from testicular cancer, skin cancer (melanoma), and needs a total left knee replacement. Docket 368 at 1.

On January 7, 2021, Vonwille submitted a request for compassionate release to the warden of FCI Englewood. Docket 368-1 at 2-3. Vonwille states he did not receive a response and more than 30 days have elapsed since the request was made. Docket 368 at 2. On March 17, 2021, Vonwille filed a pro se motion with the court for relief under the First Step Act. *Id.* Subsequently, Vonwille's counsel filed a supplement to his pro se motion. Docket 377.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-

391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. *Id.* § 603(b). Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must take into consideration the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Vonwille argues that his age, health conditions, and the global COVID-19 pandemic satisfy the "extraordinary and compelling reasons" standard. Docket 368 at 1-2; Docket 377 at 6-13; Docket 385 at 1-5.

I. **Administrative Exhaustion**

Previously, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress now permits courts to grant compassionate release on motions filed by defendants exhausting certain administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). The court concludes Vonwille has satisfied the administrative exhaustion requirement and reviews the matter on the merits.

II. **Extraordinary and Compelling Reasons**

Though section 3582(c)(1)(A)(i) provides for compassionate release upon a

showing of "extraordinary and compelling reasons," Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). The Sentencing Commission was directed to describe what should be considered extraordinary and compelling reasons and fashion "the criteria to be applied and a list of specific examples." *Id.* As directed, the Sentencing Commission did so by limiting "extraordinary and compelling reasons" to four categories. USSG § 1B1.13, cmt. n.1(A)-(C). The four categories pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* A fifth catch-all category also exists for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Bureau of Prisons. USSG § 1B1.13, cmt. n.1(D).

The Sentencing Commission's guidance in § 1B1.13 was provided prior to the passage of the FSA amending section 3582(c)(1)(A) and has not been updated because the commission lacks a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019). As a result, a number of district courts, including this one, have questioned whether the previous policy statement still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020); *United States v. Poole*, 4:15-CR-40099-KES, 2020 WL 4673329, at *2 (D.S.D. Aug. 12, 2020).

Because the FSA changed the way a compassionate release motion may

4

be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon,* 458 F. Supp. 3d 1114, 1118 (D.N.D. 2020) (citing *United States v. Fox,* 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *Beck,* 425 F. Supp. 3d at 578-80; *United States v. Cantu,* 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider,* 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See e.g., United States v. Vangh,* 990 F.3d 1138, 1141 n.3 (8th Cir. 2021).

This court has assumed the policy statements still apply to compassionate release motions brought under the FSA and utilizes USSG § 1B1.13, comment notes 1(A)-(D) to guide its analysis. *See, e.g., United States v. Dressen,* 4:17-CR-40047-01-KES, 2020 WL 5642313, at *3 (D.S.D. Sept. 22, 2020) *summarily aff'd* (8th Cir. Oct. 9, 2020); *United States v. Adame,* 4:18-CR-40117-05-KES, 2020 WL 7212096, at *3 (D.S.D. Dec. 7, 2020); *United States v. Nyuon,* 4:12-CR-40017-01-KES, 2020 WL 7029873, at *3 (D.S.D. Nov. 30, 2020).

Based on Vonwille's contentions, the court examines his request for relief under the medical conditions category, USSG § 1B1.13 comment note 1(A), and the catch-all provision, USSG § 1B1.13 comment note 1(D). Assuming the court's discretion to consider compassionate release is at least as broad as the outdated policy statement of the Sentencing Commission, Vonwille has failed to show that his reasons for release rise to the level of "extraordinary and

compelling reasons" justifying a reduction in sentence.

### A.     Medical Conditions Category, Note 1(A)

COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. The Centers for Disease Control and Prevention (CDC) recently updated its current understanding of these risks. *See People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (updated Apr. 29, 2021) (last visited Apr. 30, 2021). As relevant to this case, the CDC now states individuals who have a history of cancer *may* have an increased risk to become severely ill from COVID-19.[1] *Id.* Those who suffer from obesity *can* also be more at risk. *Id.*

The court has reviewed the medical records submitted in this case. Vonwille had a history of skin cancer in 2012 and a history of testicular cancer in 1997. Docket 368-1 at 5. The court concludes Vonwille's history of cancer dating 9-23 years ago is too remote to constitute "extraordinary and compelling reasons" now. This is particularly so when there is no evidence of any recurring problems.

Vonwille's current complaints include chronic left knee pain and severe osteoarthritis. Docket 371 at 1, 3, 19.  At his most recent medical visit on March 1, 2021, it was determined he likely has sleep apnea. *Id.* at 2-3, 19.

---

[1] Having a *history* of cancer is distinct from presently suffering from cancer. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited Apr. 30, 2021).

Vonwille takes ibuprofen 600 MG as needed for pain. *Id.* at 3. His current BMI is 31.8, which puts him slightly over the threshold for obesity at 30.0. These conditions are not extraordinary or compelling. In fact, they are less severe than many other cases where compassionate release motions have been denied by this court. *See, e.g., United States v. Wright*, 4:16-CR-40083-04 KES, 2021 WL 391605 at *4-6 (D.S.D. Feb. 4, 2021) (denying compassionate release to defendant with BMI of 35.5 or 33.3, bipolar disorder, asthma, latent tuberculosis infection, and chronic and allergic rhinitis); *Adame*, 2020 WL 7212096, at *3-5; (denying compassionate release to defendant with BMI of 33.8, asthma, anxiety, and positive case of COVID-19); *United States v. McAbee*, No. 4:14-CR-40027-01-KES, 2020 WL 5231439, at *3-4 (D.S.D. Sept. 2, 2020) (finding defendant with asthma and a BMI of 30.8 or 31.7 did not establish extraordinary and compelling reasons).

The court's impression from reviewing the medical records as a whole is that Vonwille is generally healthy and able to provide self-care in the correctional facility.  He has been tested for COVID-19 on several occasions and the results have been negative. Docket 371 at 64; Docket 383 at 58. Vonwille received a first dose of the Moderna COVID-19 vaccine on March 24, 2021. Docket 383 at 62. Vonville, through counsel, argues this precaution does not defeat his motion for compassionate release because people who receive both doses of vaccine can still contract the virus. Docket 385 at 1-3. The court is not persuaded by the argument.

The CDC recognizes "[a] small percentage of people fully vaccinated

7

against COVID-19 will still develop COVID-19 illness." *What You Should Know About the Possibility of COVID-19 Illness After Vaccination*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (updated Apr. 21, 2021) (last visited Apr. 30, 2021). These so called "vaccine breakthrough cases" do occur in a small percentage of people. *Id.* But those people are much less likely to become severely ill. *Id.* The effectiveness rates of the vaccines are overall 90 percent or higher. *Id.* The court is not able to quantify the risk to Vonville of being in the small percentage of persons who have vaccine breakthrough cases. Nevertheless, the court concludes the risk is not an "extraordinary and compelling reason" for his early release particularly in light of the non-serious nature of his current medical conditions.

The court believes Vonwille's medical conditions are appropriately managed at FCI Englewood, the facility is engaged in appropriate efforts to protect inmates against the spread of COVID-19, and the facility would act to treat any inmate who does contract COVID-19. The fact that FCI Englewood had a high percentage of COVID-19 cases does not negate such conclusions. Though the illness was widespread, it was not disastrous. There were no deaths as a result and 630 inmates have recovered. This persuades the court that FCI Englewood has acted appropriately to treat inmates who do contract COVID-19.

Moreover, the BOP continues to administer COVID-19 vaccines to inmates and staff. *See BOP: COVID-19 Update,* https://www.bop.gov/

coronavirus/ (last visited May 3, 2021). As of May 3, 2021, 157,600 doses have been administered systemwide. *Id.* At FCI Englewood, 133 staff and 620 inmates have been fully vaccinated to date. *Id.* Being vaccinated not only protects the person from COVID-19, but "may also help protect people around them." *COVID-19 Vaccines Work*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Apr. 30, 2021).

### B. Catch-all Category, Note 1(D)

The catch-all category in Note 1(D) does not result in a different outcome. The catch-all category allows for release if there are extraordinary and compelling reasons other than, or in combination with, those identified in 1(A) through 1(C). USSG § 1B1.13, cmt. n.1(D). The court is not convinced extraordinary and compelling reasons exist to release Vonwille from custody early. In sum, Vonwille has fallen far short of demonstrating extraordinary and compelling reasons for relief.

## III. Sentencing Factors of § 3553(a)

Moreover, the sentencing factors in 18 U.S.C. § 3553(a) do not weigh in favor of a reduction. Vonwille was an organizer and leader in a conspiracy to distribute large amounts of methamphetamine in the Sioux Falls, South Dakota area. *See* Docket 118, ¶¶ 6-10, 16-22. For instance, Vonwille admitted to receiving 15 pounds of methamphetamine through the mail in 2018 alone. *Id.* ¶ 26. For purposes of calculating his guideline range, he was held responsible for 33 pounds of methamphetamine, which fell in the range of 5 KG to 15 KG. *Id.* The total offense level was calculated as 33, and included a 2-

level adjustment for being an organizer or leader. *Id.* ¶¶ 34, 40, 96. Vonwille had six scorable criminal history points resulting in criminal history category III. *Id.* ¶ 59. The advisory guideline range was 168 to 210 months in custody. *Id.* ¶ 96. The court sentenced Vonwille to 180 months imprisonment and later reduced that time to 90 months. Docket 129 at 2; Docket 332 at 2. Vonwille has served approximately one-third of his term. Docket 383 at 143.

After careful consideration of his motion and the § 3553(a) factors, the court concludes Vonwille's sentence of 90 months in custody followed by five years of supervised release continues to be appropriate for the seriousness of the offense to which he pleaded guilty.

## CONCLUSION

Vonwille has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 368) is denied.

Dated May 3, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE